## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LINWOOD CHATTIC, and DEAN MARTIN JETT, individually and on behalf of all similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> SMARTDRIVE SYSTEMS, INC., a Delaware corporation, <br><br> Defendant. | **NOTICE OF REMOVAL** <br><br> State Court Case No. 2024LA001154 |

**TO:   CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS AND COUNSEL OF RECORD FOR PLAINTIFFS LINWOOD CHATTIC AND DEAN MARTIN JETT**

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant SmartDrive Systems, Inc. ("SmartDrive"), by and through its undersigned counsel, and reserving all defenses and objections, respectfully removes this action, titled *Chattic v. SmartDrive Systems, Inc.*, filed in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, Case No. 2024LA001154 (the "State Court Action") to the United States District Court for the Southern District of Illinois. As grounds for removal, SmartDrive states as follows:

### BACKGROUND

1.   Plaintiffs Linwood Chattic and Dean Martin Jett, individually and on behalf of a class of similarly situated individuals ("Plaintiffs"), filed their Complaint in the State Court Action on August 29, 2024. A true and correct copy of the Complaint and Summons served on SmartDrive, as well as all other documents filed in the State Court Action, are attached hereto as **Exhibit A**.

2. SmartDrive was served with the Complaint on September 9, 2024 through its authorized agent. (*See* Declaration of Jeff Griswold at ¶ 3, a true and correct copy of which is attached hereto as **Exhibit B**.) SmartDrive is the only defendant named in the action.

3. The Complaint alleges that certain of SmartDrive's in-cabin monitoring systems used by commercial trucking companies captured, collected, or otherwise used the biometrics of Plaintiffs and other putative class members. (*See* Ex. A, ¶¶ 2-4.) The Complaint purports to bring a cause of action for violation of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq*. (*Id.,* ¶¶ 45-56.)

## BASES FOR REMOVAL

**A.   This Court Has Original Jurisdiction Over This Action Pursuant To 28 U.S.C. § 1332(a).**

4. Under § 1332(a), this Court has original jurisdiction over all civil actions between citizens of different states, where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. As alleged in the Complaint, Plaintiffs are each a "resident and citizen of the State of Illinois." (Ex. A, ¶¶ 13-14.)

6. SmartDrive is a Delaware corporation with its principal place of business in Westlake, Texas. (Ex. A, ¶ 12; Ex. B, ¶ 4.) SmartDrive thus is a citizen of Delaware and Texas. *See* 28 U.S.C. § 1332(c)(1).

7. In the Complaint, Plaintiffs individually seek, among other things: "statutory damages of $5,000 for each willful and/or reckless violation of the BIPA" and "statutory damages of $1,000 for each negligent violation of the BIPA." (Ex. A, Prayer for Relief.)

8. These alleged statutory damages count toward the jurisdictional minimum set forth in § 1332(a). *See Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 770 (N.D. Ill.

2019) (where the complaint sought statutory damages for "each violation" of BIPA, for purposes of removal, defendant "has plausibly alleged the requisite amount in controversy for [plaintiff] both individually under § 1332(a) and on a class-wide basis under CAFA.")

9. Even if damages are limited solely to statutory damages, SmartDrive estimates that the amount in controversy for Plaintiffs' claims exceeds $75,000. (Ex. B, ¶ 6.) Specifically, SmartDrive's records indicate that in-cabin camera events occurred associated with Plaintiff Jett on 181 separate days and that in-cabin camera events occurred associated with Plaintiff Chattic on 29 separate days. (*Id.*, ¶ 7.) Assuming, solely for the purposes of removal, that an alleged violation occurred on each date that the named Plaintiffs used the in-cabin camera monitoring systems, the amount in controversy would equal $210,000 for Plaintiffs' allegations of negligent violations (*i.e.*, $1000 x 210 days) or $1,050,000 for Plaintiffs' allegations of willful and/or reckless violations (*i.e.*, $5000 x 210 days). (*Id.*, ¶ 8.)

10. Based on the foregoing, there is diversity of citizenship in this action, and the matter in controversy exceeds the sum or value of $75,000. Accordingly, this Court has original jurisdiction over this matter pursuant to § 1332(a).

**B.   This Court Has Original Jurisdiction Over This Action Pursuant To 28 U.S.C. § 1332(d).**

11. Under § 1332(d), this Court has original jurisdiction over all civil actions in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and any member of a class of plaintiffs is a citizen of a State different from any defendant. For the purposes of establishing jurisdiction under § 1332(d), the claims of the individual class members are aggregated to determine whether the matter in controversy exceeds $5,000,000. *See Gates v. Eagle Foods Group, LLC*, No. 20 C 6525, 2021 WL 1340805, at *3 (N.D. Ill. Apr. 9, 2021).

12. Here, the Complaint was filed as a putative class action pursuant to 735 ILCS § 5/2-801. (Ex. A, ¶ 36.) Plaintiffs seek to represent a class of "[a]ll individuals who were employed as drivers in Illinois during the relevant statute of limitations who were subject to Defendant's SmartDrive in-cabin camera monitoring system." (the "Class"). (*Id.*) The Complaint alleges that the putative Class contains "hundreds of members." (*Id.*, ¶ 38; *see also* 28 U.S.C. § 1332(d)(5).)

13. The Complaint seeks, on behalf of the putative Class, and among other things: "statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA." (Ex. A, ¶ 54.)

14. SmartDrive estimates that, even if damages are limited solely to statutory damages, the amount in controversy exceeds $5 million. (Ex. B, ¶ 9.) Specifically, SmartDrive records indicate that, during the relevant statute of limitations, 88 SmartDrive in-cabin camera monitoring systems were sold and shipped to customers in the state of Illinois and that those systems were in use on more than 1000 days during that period. (*Id.*, ¶ 10). Assuming, solely for the purposes of removal, that an alleged violation occurred on each date the in-cabin camera monitoring systems were used in the state of Illinois, the amount of controversy would exceed $5 million for the putative class's allegations of willful and/or reckless violations (*i.e.*, $5000 x 1001 days). (*Id.*)

**C.    Removal Is Proper Pursuant To 28 U.S.C. § 1441(a).**

15. Under § 1441(a), any civil action over which the district courts of the United States have original jurisdiction may be removed from state court to the United States district court for the district embracing the place where the action is pending.

16. As set forth above, this Court has original jurisdiction over this matter pursuant to

§ 1332(a) and § 1332(d). And SmartDrive is not a citizen of the state in which the State Court Action was brought. *See* 28 U.S.C. § 1441(b)(2).

17. Accordingly, this matter is properly removed to this Court pursuant to § 1441(a).

**D.    The Procedural Requirements For Removal Are Satisfied.**

18. **Removal is Timely Filed.** A Notice of Removal "shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Plaintiffs served SmartDrive with the Complaint and Summons on September 9, 2024. (Ex. B, ¶ 3.) This Notice of Removal is being filed on October 7, 2024, less than 30 days after September 9, 2024.

19. **Removal to Proper Court.** This Court is part of the "district and division embracing" Madison County, Illinois, where the State Court Action was filed. *See* 28 U.S.C. § 1441(a).

20. **Consent to Removal.** SmartDrive is the only named defendant in the State Court Action and seeks removal.

21. **Notice.** Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, SmartDrive will serve written notice of the filing on Plaintiffs and will file a copy of the Notice of Removal with the Clerk of the Circuit Court of the Third Judicial Circuit, Madison County, Illinois. A true and correct copy of the Notice of Filing of Notice of Removal that will be promptly served on all parties and filed with the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, is attached hereto as **Exhibit C**.

22. **Pleadings and Process.** Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders previously served on SmartDrive in the State Court Action are attached

hereto as **Exhibit A**.

23. **<u>Non-Waiver of Defenses and Objections to Plaintiffs' Complaint</u>.** By filing this Notice of Removal, SmartDrive does not waive any defenses, objections, or counterclaims that may be available to it or that may be asserted in an answer or other pleading filed in response to the Complaint, including without limitation a motion to dismiss pursuant to Federal Rule of Civil Procedure 12.

WHEREFORE, the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1332, SmartDrive hereby removes the above-titled action from the Circuit Court of the Third Judicial Circuit, Madison County, Illinois for further proceedings and adjudication in this District Court in accordance with 28 U.S.C. §§ 1441 and 1446.

Dated: October 7, 2024                                      Respectfully Submitted,

Timothy A. Hudson (ARDC# 6271244)          **SMARTDRIVE SYSTEMS, INC.**
TABET DIVITO & ROTHSTEIN LLC
209 South LaSalle Street, 7th Floor
Chicago, Illinois 60604                                    By:       /s/ Timothy A. Hudson
Telephone: (312) 762-9450                                          One of Its Attorneys
thudson@tdrlaw.com